WHITE, Receiver, etc., *v.* MAYOR and COMMON COUNCIL OF THE CITY
OF RAHWAY.

*(Circuit Court, D. New Jersey.* August 24, 1881.)

CITY INDEBTEDNESS—BOARD OF FINANCE—AUTHORITY TO BORROW MONEY.
    Where, under the board of finance, the treasurer of a city borrowed of a bank
    a certain sum of money, and the city ratified the loan made by its agent by
    renewing the note from time to time, and by paying thereon at different times
    certain amounts of money, and when the loan was originally made the treas-
    urer pledged with the bank as collateral security, for the payment of the note
    given, certain bonds of the city, subsequently substituted by other bonds, pay-
    able in 10 years, and there remained due and unpaid on the loan a certain sum
    of money, *held*, that, under the laws of the state, the treasurer was authorized
    under the board of finance to make the loan, and that plaintiff is entitled to
    recover upon said note against the city without first disposing of said col-
    laterals.

In *Assumpsit.*

NIXON, D. J.    This suit is brought by Stephen V. White, receiver
of the Grocers' Bank of New York, against the city of Rahway, to
recover the money due upon a certain promissory note for $37,000,
dated December 31, 1879, payable one month after date, and signed
by "R. C. Brewster, treasurer of the city of Rahway."

The declaration, after setting forth the appointment of the plain-
tiff as receiver by the supreme court of the state of New York, con-
tains a count upon the note as the obligation of the city, and also the
usual money counts.    The only plea is the general issue, and on
demand by the plaintiff for the defendant to specify its defences there-
under, the defendant gave notice that it would claim—

(1) That the note sued on was not the note of the defendant; (2) that no
authority was given to the city by its charter, and the laws thereunder, to
execute a note in manner and form as charged in the plaintiff's declaration,
and that no agent or officer or board of finance had authority thus to bind
the defendant; (3) that by the terms of the contract the plaintiff could not
hold the defendant upon the note until the bonds deposited as collateral se-
curity for its payment were sold, and then only for what remained due after
the application of the proceeds of said sale to the payment of the obligation;
and (4) that the note declared on was the note of the individual Brewster,
and not of the defendant.

A stipulation was signed and filed by the counsel of the respective
parties, waiving a jury on the trial of the cause, and also admitting
that Abel V. Shotwell, Thomas M. Martin, and Benjamin Squire,
were the duly appointed and qualified board of finance of the city of

Rahway from the fifth of February, 1877, until May, 1880, and that for the same period of time Robert C. Brewster was the duly appointed and qualified treasurer of the city. It was proved, at the hearing, that the obligation sued upon was the last of several renewals of a promissory note executed in the same form by R. C. Brewster, treasurer, etc., as evidence of an original loan of $50,000 made by the bank to the city, in the month of June, 1877, and which had been reduced to $37,000 by various payments by the city from time to time. It was also shown, and not controverted, that when the treasurer called upon the officers of the bank for said loan they required him to produce his authority to act for the city; that he procured from the board of finance of Rahway and filed with the bank the following paper:

CITY OF RAHWAY, NEW JERSEY, June 29, 1877.

In accordance with a resolution of the board of finance, passed February 5, 1877, we hereby direct the treasurer to make a loan of $50,000 from the Grocers' Bank.
A. V. SHOTWELL,
THOMAS M. MARTIN,
BEN. SQUIRE,
Board of Finance.

That at the time of the loan the city was greatly in need of funds to pay maturing bonds, accruing interest, and necessary current city expenses, and that the proceeds of the note went to the use of the city, and were applied to meet its liabilities. The original loan being made for the defendant corporation, it is claimed by the plaintiff and denied by the defendant that it was authorized by the legislation of the state.

On the twenty-fourth of March, 1874, the legislature of New Jersey passed an act entitled "A further supplement to an act entitled 'An act to revise and amend the charter of the city of Rahway,'" in which it was provided "that the mayor of said city shall have authority to appoint, with the advice and consent of the common council, three freeholders of said city as a board of finance. Said board shall have the supervision of the finances of the city, * * * and shall have authority to negotiate and sell the bonds of the city, and to make provision for the payment of the interest on all bonds and the principal, as the said bonds mature." It is admitted that the three gentlemen who directed the treasurer to borrow the money of the Grocers' Bank were, at the time, the duly-constituted board of finance of the city at the time. On the twenty-first of April, 1876, another act was approved, applicable to cities having boards of

finance, in which it was provided that thereafter it should be lawful for any city within the state, by and through its board of finance, from time to time to borrow money for the use of the city, in such sums as they may think best, in anticipation of the collection of taxes in arrear in such city, not to exceed, at any time, the amount thereof then in arrear, either by temporary loan or by the issue of bonds.

A supplement thereto was passed the next year, (March 9, 1877,) in which the power to borrow was enlarged, and which authorized either the common council or the board of finance to make provision, by temporary loans, for "present unfunded and floating indebtedness," as well as in anticipation of the collection of taxes, or of assessments for benefits for street or sewer improvements, in arrears in such city."

After a consideration of the evidence I find as matters of fact:

(1) That under the direction of the board of finance of the defendant corporation the treasurer of the city of Rahway borrowed of the Grocers' Bank of New York, represented by the plaintiff, for said city, on or about the twenty-ninth of June, 1877, the sum of $50,000; that the city ratified the loan thus made by its agent, by renewing the note from time to time, and especially by paying thereon, December 29, 1877, the sum of $10,000, and on June 1, 1878, $2,500, and on the tenth of October, 1878, the further sum of $500.

(2) That when the loan was originally made the treasurer pledged with the said bank, as collateral security for its payment, six bonds of the city of Rahway, numbered 665–670, inclusive, dated June 30, 1877, for $10,000 each; and that afterwards, to-wit, on June 1, 1878, at the request of the officers of the bank, who had a preference for bonds of a smaller denomination, the said collaterals were withdrawn, and 50 other bonds of the city for $1,000 each, numbered 1–50, and dated June 1, 1878, and due in 10 years, were substituted in their place, which collaterals are still held by the plaintiff.

(3) That there still remains due and unpaid upon the said loan the sum of $37,000, with lawful interest thereon from February 3, 1880.

I find, as matters of law:

(1) That the treasurer was authorized, under the direction of the board of finance, to make said loan, and to bind the defendant corporation for its payment.

(2) That the plaintiff is entitled to recover upon said note against the city without first disposing of the said collaterals.

(3) That judgment should be entered against the defendant, in favor of the plaintiff, for the sum of $37,000, with interest thereon from February 3, 1880, to the date of entry, with costs of suit to be taxed.